PEOPLE, PLAINTIFF AND APPELLEE, *v.* BURGOS,
DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in a Prosecution
for Violation of Section 162 of the Penal Code.

No. 1799.—Decided December 22, 1921.

FRAUDULENT REGISTRATION—EVIDENCE—DISCRETION OF COURT.—In this case the
court below did not believe the statement of the defendant that he served
nine months in jail for larceny, but gave credit to a certificate of the war-
den of the penitentiary to the effect that he served one year in the peniten-
tiary. *Held:* That as the defendant did not controvert the said certificate
by presenting a copy of the judgment, the conclusion reached by the district
court in its discretion was not erroneous.

ID.—ELECTORAL FRANCHISE—DISFRANCHISEMENT—EX POST FACTO LAW.—As the
right to vote is not a civil right, but a political privilege, a statute which
disfranchises a voter for acts committed before its enactment is not an *ex
post facto* law.

The facts are stated in the opinion.

*Mr. M. F. Rossy* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee. .

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

The appellant was charged with the crime defined and
penalized by section 162 of the Penal Code in having reg-
istered as a voter in the precinct of Guaynabo, of the mu-
nicipal judicial district of Río Piedras, knowing that he had
no right to register because he had served a sentence of one
year in the penitentiary imposed upon him by the District
Court of San Juan for the crime of grand larceny, and after
a trial he was found guilty of the offense charged and sen-
tenced to imprisonment in jail for five days, it being further
ordered that his name be stricken from the list of voters of
Guaynabo.

Two grounds are alleged in support of the appeal.

First: That although a certificate issued by the warden
of the penitentiary at San Juan showed that Nicanor Burgos
Rivera was sentenced to imprisonment in the penitentiary
for one year for the crime of grand larceny and entered the

penitentiary on September 4, 1904, where he served his term, the defendant testified that he served nine months in jail for the crime of larceny.

Second: That when the defendant was sentenced the judgment did not, as an additional punishment, deprive him of his right to vote and, therefore, he can not now be deprived of that right, because an *ex post facto* law can not have retroactive effect.

As regards the first ground, it need not be seriously considered. The court did not believe the testimony of the defendant that he served nine months in jail instead of one year in the penitentiary, and in the exercise of its authority gave credit to the certificate of the warden of the penitentiary to the effect that he actually served one year in the penitentiary. The said document could have been controverted by a copy of the judgment against the defendant and that would have been the best evidence in his defense.

As to the second ground of appeal, inasmuch as the right to vote is not a civil right, but a political privilege, a statute which disfranchises a voter for acts committed before its enactment is not an *ex. post facto* law and the appellant, therefore, can not complain. 12 C. J. 1106:

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.